IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Great American Insurance Company,

        Plaintiff,

v.                                     Case No. 05-2003-JWL

Custom Homes of Kansas City, Inc.;
Trent G. Carr; Robert Gray; and
Wandola Gray,

        Defendants.


**MEMORANDUM & ORDER**

Plaintiff filed a complaint seeking a declaration that it is not obligated to defend or indemnify defendant Custom Homes of Kansas City, Inc. or defendant Trent G. Carr for any and all of the allegations made in the underlying state court petition filed by defendants Robert and Wandola Gray concerning alleged construction defects in their residence.  This matter is presently before the court on plaintiff's motion for summary judgment against all defendants (doc. 23).  For the reasons set forth below, plaintiff's motion is granted and judgment is entered in its favor.

On February 16, 2006, plaintiff filed a motion for summary judgment on its complaint against all defendants.  None of the defendants filed a response to plaintiff's motion within the time period provided in D. Kan. Rule 6.1(e)(2).  Thus, the court could have considered and deicded the motion as uncontested and granted the motion without further notice to defendants.  *See* D. Kan. R. 7.4.  Nonetheless, in an abundance of caution, the court issued an order directing defendants to show good cause in writing to the court, on or before Monday, April 10, 2006, why they failed to respond to the motion in a timely fashion.  The court further directed defendants to

respond to the motion on or before Monday, April 10, 2006.  As of the date of this order, none of the defendants has filed a response to the show cause order and none of the defendants has filed a response to the motion for summary judgment.

The court concludes that summary judgment in favor of plaintiff against each defendant is appropriate as a sanction in this case on the grounds that none of the defendants has responded to the motion for summary judgment despite having ample opportunity to do so.  In so holding, the court concludes that certain aggravating factors present in this case, including the degree of actual prejudice to defendants, the amount of interference with the judicial process; and the culpability of the defendants, outweigh the judicial system's strong predisposition to resolve cases on their merits.  *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (prior to granting summary judgment motion as confessed pursuant to local rule, district court must either perform the summary judgment analysis pursuant to Rule 56 or perform the sanction analysis required by the sanction analysis required by *Meade v. Grubbs*, 841 F.2d 1512, 1519-22 (10th Cir.1988)); *Meade*, 841 F.2d at 1521 (setting forth factors to consider in sanction analysis).  The court also concludes that a lesser sanction would not serve the ends of justice in this case.  *See Issa*, 354 F.3d at 1177 ("dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice").

The court first notes that none of the defendants, as of the date of this order, has responded to plaintiff's motion for summary judgment nor has any defendant contacted the court in any way regarding the motion.  The culpability of each defendant, therefore, is quite high.  *Compare*

2

*Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no culpability on his part in causing the delay") *and Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly).

Moreover, in such circumstances, denying plaintiff's motion would prejudice plaintiff in terms of continued time spent and expenses incurred on a case in which none of the defendants have shown any interest even after ample notice from the court. In fact, the record clearly reflects that the defendants are not participating in this case in any respect. None of the defendants appeared at the final pretrial conference and no one appeared on behalf of any of the defendants. Defendants Custom Homes of Kansas City, Inc. and Trent G. Carr have not participated in any respect since October 2005 when their counsel was permitted to withdraw on the grounds that these defendants had failed to substantially fulfill an obligation to their counsel. Defendants Robert and Wandola Gray have never participated in this litigation and, indeed, never even filed answers to plaintiff's complaint.[1]

Finally, the court concludes that denying plaintiff's motion would interfere with the judicial process in terms of docket management and the need for a finality to litigation. In other words,

---

[1]The court presumes that these defendants were served with process and a copy of the complaint as the docket shows a return of service for these defendants in January 2005. *See Stunkle v. Holland*, 4 Kan. App. 478 (1896) (where docket recites that process was issued and service was returned, presumption arises that return was regular and service was valid).

3

the court should not have to continue to manage this case on its docket when none of the defendants has made any affirmative step to keep the case on the court's docket.  *Compare Murray*, 132 F.3d at 611 (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process) *and Hancock*, 857 F.2d at 1396 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal).

For the foregoing reasons, the court grants plaintiff's motion for summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Great American Insurance Company's motion for summary judgment against all defendants (doc. 23) is granted, judgment is entered in plaintiff's favor and the court hereby declares that plaintiff has no duty to defend or indemnify defendants Custom Homes of Kansas City, Inc. or Trent G. Carr with respect to any of the allegations asserted by defendants Robert and Wandola Gray in their underlying state court petition concerning alleged construction defects in their residence.

4

**IT IS SO ORDERED.**

Dated this 13th  day of April, 2006, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge